UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH W. MCCLAIN, JR., | : CIVIL NO: 1:10-CV-02529 |
| Plaintiff | : |
| | : (Judge Caldwell) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| MICHAEL CASH, et al., | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On December 13, 2010, the plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis*.

The plaintiff complains of events that occurred at the State Correctional Institution at Cresson. The complaint names as defendants: 1) Michael Cash, the medical director at SCI-Cresson; 2) Laura Lehman, a nurse at SCI-Cresson; 3) Billie Lewis, a physician's assistant at SCI-Cresson; 4) Douglas Bopp, the Corrections Health Care Administrator at SCI-Cresson; 5)

the PRC[1] at SCI-Cresson[2]; 6) the MRT[3] at SCI-Cresson[4]; and 7) Kenneth Cameron, the Superintendent at SCI-Cresson.

The plaintiff alleges that on November 25, 2008, he was subjected to excessive force by guards. He alleges that he was sprayed with O.C. (Oleoresin Capsicum) gas, beaten and dragged in handcuffs and leg irons to the infirmary so that his blood pressure could be taken against his will by defendant Lehman after he had not eaten for three to five days. The plaintiff alleges that each of the defendants told the guards "to do it."

The plaintiff alleges that for the following one to two months he was mentally and psychologically tortured by guards at SCI-Cresson. He alleges that the MRT and PRC denied him

---

1. We assume that PRC stands for Program Review Committee.

2. Although the caption lists the PRC as the defendant, the complaint lists the PRC and then in parentheses lists Morris Houser, Jamie Boyle and Jamie Luther as defendants. We assume that the plaintiff means that those individuals were members of the PRC.

3. We assume that MRT stands for Multi-Disciplinary Review Team.

4. Although the caption lists the MRT as the defendant, the complaint lists the MRT and then in parentheses lists Michelle Driskel, Houser and "others" as defendants. We assume that the plaintiff means that those individuals were members of the MRT.

2

mental health treatment. He alleges that he was made to starve and to cut up his body with razor blades in an attempt to get proper treatment from the defendants, who knew he was ill and needed mental health care.

The plaintiff is seeking injunctive relief in the form of an order that he be placed in the ICU[5] at SCI-Waymart, that he be allowed to attend psychotherapy groups, that he be allowed to attend individualized one-on-one psychotherapy, that he be allowed to play sports and participate in group activities and that he may obtain mental healthcare treatment.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual

---
5. We assume that ICU refers to Intensive Care Unit.

3

allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

5

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

We conclude that the complaint fails to state a claim upon which relief may be granted against any of the defendants.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior."* *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official,

6

his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The plaintiff alleges that each defendant told the guards "to do it." This allegation is made in connection with his allegations of excessive of force. However, the allegation is conclusory. The plaintiff does not allege what each defendant is alleged to have told the guards to do.

The plaintiff alleges that the PRC and MRT denied him mental health treatment. However, the PRC and MRT are not persons for purposes of 42 U.S.C. § 1983. The plaintiff does not allege what the individual members of the PRC and MRT are

7

alleged to have done and how they denied him mental health treatment.

The plaintiff has not alleged facts in his complaint from which it can reasonably be inferred that the defendants were personally involved in any alleged violations of the plaintiff's constitutional rights. Thus, the complaint fails to state a claim upon which relief may be granted.

In addition, the plaintiff requests only injunctive relief. However, since the docket indicates that the plaintiff is not currently incarcerated at SCI-Cresson, the defendants who are employed at SCI-Cresson would not reasonably be seen to have the authority to provide the injunctive relief that the plaintiff is seeking. Accordingly, the complaint fails to request relief that could be granted with respect to the named defendants.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment

8

would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).

By an Order dated December 21, 2010, we granted the plaintiff leave to file, on or before January 21, 2011, an amended complaint to attempt to state a claim or claims upon which relief may be granted against the defendants. That ordered provided that if the plaintiff were to fail to file an amended complaint, it would be recommended that the complaint be dismissed and that the case be closed.

The plaintiff has not filed an amended complaint. Nor has the plaintiff sought an extension of time to file an amended complaint. Since the plaintiff was given the opportunity to attempt to cure the deficiencies in the complaint but he failed to do so, further leave to amend would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 9, 2011.