IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RALPH W. MCCLAIN, JR., :

    Plaintiff :

    vs. :    CIVIL NO. 1:CV-10-2529

:

MICHAEL CASH, et al., 

    Defendants :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The pro se plaintiff, Ralph W. McClain, now an inmate at FCI-Fayette, LaBelle, Pennsylvania, filed this 42 U.S.C. § 1983 case against certain personnel at FCI-Cresson, Cresson, Pennsylvania. Plaintiff is suing for events that occurred while he was incarcerated at the latter institution. We are considering his objections to the report and recommendation of the magistrate judge.

The magistrate judge recommends that the Plaintiff's complaint be dismissed for failure of Plaintiff to comply with the magistrate judge's order that he file an amended complaint. The magistrate judge found the following deficiencies in the original complaint: (1) the excessive-force claim fails to specify the conduct that would make the defendants liable on that claim; (2) Plaintiff does not allege the individual members of the PRC (the program review committee) and the MRT (Multi-Disciplinary Review Team) who allegedly denied him mental-health treatment, and the PRC and MRT are not "persons" who can be liable under section 1983; and (3) Plaintiff seeks only injunctive relief, but

Plaintiff is not currently incarcerated at SCI-Cresson, so injunctive relief is not appropriate.

In his objections, Plaintiff asserts that his allegations are specific enough and that prison officials have deprived him of his records, which are necessary to prepare an adequate complaint in any event. He also asserts that injunctive relief is a proper form of relief since: (1) the defendants simply do paperwork and Plaintiff does not have to be in their presence for them to do their paperwork; (2) as Department of Corrections (DOC) employees, the defendants can confer with other DOC employees at other facilities, presumably employees at Fayette; and (3) the latter employees would have consulted reports that the Cresson employees prepared. (Doc. 10, p. 4).

We need only deal with the nature of the relief sought to dispose of this case. As the magistrate judge points out, because only injunctive relief is sought, and because Plaintiff is no longer subject to the supervision of the defendants, injunctive relief is inappropriate and the case should be dismissed on that basis. The points Plaintiff makes in regard to injunctive relief are not relevant to this conclusion.

Accordingly, this 23rd day of March, 2011, upon consideration of the report (doc. 8) of the magistrate judge, filed February 2, 2011, the objections (doc. 9) that were filed, and upon independent review of the record, it is ordered that:

 1. The magistrate judge's report is adopted.

 2. This action is hereby dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state claim upon which relief ay be granted.

 3. The Clerk of Court shall close this file.

 4. It is certified that any appeal of this order would not be in good faith.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

2